```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL MILLER

                  Plaintiff,
                                        ORDER
          -against-                     14-CV-2785(JS)(WDW)

UNITED STATES OF AMERICA,
and U.S. ATTORNEY GENERAL
ERIC H. HOLDER, JR.,

                  Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Daniel Miller, 12003565, pro se
                    Nassau County Correctional Center
                    100 Carman Ave.
                    East Meadow, NY 11554

For Defendants:     No appearances
```

SEYBERT, District Judge:

Incarcerated pro se plaintiff Daniel Miller ("Plaintiff") has "three strikes" pursuant to 28 U.S.C. § 1915(g), and has not alleged that he is "under imminent danger of serious physical injury."[1] Accordingly, his application to proceed in forma

---

[1] Since 2000, Plaintiff has filed twenty-one (21) in forma pauperis civil actions, almost all of which have been dismissed: Miller v. U.S., No. 00-CV-3088(CBA) (withdrawn); Miller v. Cnty. of Nassau, No. 00-CV-6124(JS) (dismissed for failure to state a claim upon which relief may be granted); Crosby v. Walsh, No. 03-CV-4897(ARR) (dismissed in forma pauperis complaint filed by four inmates, including Miller, for failure to state a claim); Miller v. Reilly, No. 05-CV-0611(JS) (settled); Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) (dismissed for failure to state a claim upon which relief may be granted); Miller v. Reilly, No. 06-CV-3727(ADS) (settled); Miller v. Reily, No. 06-CV-6485(JS) (withdrawn); Miller v. Zerillo, No. 07-CV-1687(JS) (dismissed as moot and unexhausted under the PLRA); Miller v. Zerillo, No. 07-CV-1719(JS) (dismissed as moot and unexhausted under the PLRA); Miller v. Lindsay, No. 07-CV-2556(JS) (dismissed as moot); Miller v. Alexander, No. 07-CV-3533

pauperis is DENIED.[2] **Plaintiff is directed to pay the $400.00 filing fee within fourteen (14) days of the date of this Order, and a failure to do so will lead to the dismissal of his claims without further notice and judgment shall enter**. Plaintiff is advised that his payment of the filing fee does not exempt him from the requirements of 28 U.S.C. § 1915A and the Court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b).

---

(JS) (dismissed as moot); Miller v. Reilly, No. 08-CV-1863(TCP) (dismissed as unexhausted and moot); In re Daniel Miller, No. 12-MC-0512(JBW) (case closed by Order dated August 6, 2012 and Plaintiff's submission concerning "Terrorist Acts" was forwarded to the U.S. Marshal); Miller v. Spizatto, No. 12-CV-2511(JS) (dismissed unexhausted § 2241 petition claiming excessive bail); Miller v. Cnty. of Nassau, No. 12-CV-4164(JS) (WDW); Miller v. Smith, No. 12-CV-4378(JS); Miller v. County of Nassau, 12-CV-4466(JS)(WDW); Miller v. Cnty. of Nassau, No. 12-CV-4430(JS) (WDW) (closed by Order dated October 15, 2012); Miller v. Cnty. of Nassau, 12-CV-4549(JS) (closed by Order dated October 15, 2013); and Miller v. Cnty. of Nassau, 12-CV-4550(JS) (closed by Order dated October 15, 2012).

[2] Given that this Court dismissed the three most recent in forma pauperis complaints filed by Plaintiff, Miller v. Cnty. of Nassau, No. 12-CV-4430(JS) (closed by Order dated October 15, 2012); Miller v. Cnty. of Nassau, 12-CV-4549(JS) (closed by Order dated October 15, 2013); and Miller v. Cnty. of Nassau, 12-CV-4550(JS) (closed by Order dated October 15, 2012), finding him barred from proceeding in forma pauperis under the "three strikes" provision of 28 U.S.C. 1915(g), Plaintiff attempted to circumvent this bar by filing the instant Complaint in the United States District Court for the District of Columbia. The Complaint was transferred here by Order dated April 9, 2014.

DISCUSSION

Section 1915(g), often referred to as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, Plaintiff has at least three disqualifying actions: Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006), Miller v. Cnty. of Nassau, No. 00-CV-6124(JS)(WDW), and Miller v. U.S.A., No. 00-CV-2082 (S.D.N.Y. Mar. 17, 2000).[3]

---

[3] Indeed, Miller has conceded that two of his actions are disqualifying: Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308 (E.D.N.Y. 2006) and Miller v. Cnty. of Nassau, No. 00-CV-6124(JS) (both cases were dismissed for failure to state a claim upon which relief may be granted). See Miller v. Cnty. of Nassau, 12-CV-4159, Oct. 3, 2013 Mem. & Order, Seybert D.J. at 7. Consistent with the Second Circuit's instruction, the Court has relied on the docket report for the case that pre-dates electronic case filing ("ECF") to conclude that it is a "strike" in accordance with § 1915(g)'s criteria. See Harris v. City of N.Y., 607 F.3d 18, 23-24 (2d Cir. 2010) ("Nothing in the PLRA or the caselaw of this or other courts, however, suggests that courts have an affirmative obligation to examine actual orders of dismissal.") (citing Thompson v. Drug Enforcement Admin., 492 F.3d 428, (D.C. Cir. 2007) (accepting docket reports indicating that prior dismissals satisfied at least one of the § 1915(g) criteria for a strike); Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[D]istrict court docket records may be sufficient to show that a prior dismissal . . . counts as a strike") (add'l

Moreover, Plaintiff does not allege any facts indicating that he faces "imminent danger of serious physical injury." Chavis v. Chappius, 618 F.3d 162, 167 (2d Cir. 2010). To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. § 1915(g), a plaintiff must "reveal a nexus between the imminent danger [he] alleges and the claims [he] asserts." Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009). When a court considers whether such a nexus exists, the court must consider: (1) whether the imminent danger alleged is fairly traceable to the unlawful conduct asserted in the complaint; and (2) whether a favorable judicial outcome would redress the injury. Id. at 298-99. The imminent harm must also exist at the time the complaint is filed. Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010).

Here, Plaintiff does not allege any facts that the Court can reasonably construe to support a finding that Plaintiff was under imminent danger of serious injury at the time he filed this action. Rather, Plaintiff complains generally about the conditions of and the medical care provided at the Nassau County Correctional Center. Upon careful review of the Complaint, the Court finds no conduct alleged that rises to a level where an imminent danger of serious harm exists to Plaintiff. Wholly absent are any allegations suggesting that, at the time the Complaint was filed, Plaintiff was in imminent danger of serious harm. See, e.g., Malik

citation omitted).)

v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed."); Saia v. Williams, No. 10-CV-624(RNC), 2011 WL 3962269, *1 (D. Conn. Mar. 31, 2011) ("[A]llegations of past wrongs do not show an imminent danger existed when this action was brought."). Accordingly, given Plaintiff's long history of vexatious litigation, and in the absence of any claim concerning a danger of imminent serious physical injury, Plaintiff is now barred from filing this case in forma pauperis and his application is thus DENIED. **Plaintiff is directed to pay the $400.00 filing fee within fourteen (14) days of the date of this Order, and a failure to do so will lead to the dismissal of this action without further notice and judgment shall enter.**

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is DENIED. **Plaintiff is directed to pay the $400.00 filing fee within fourteen (14) days of the date of this Order, and failure to do so will lead to the dismissal of his claims without prejudice and without further notice and judgment shall enter.** Plaintiff is advised that his payment of the filing fee does not exempt him from the requirements of 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

        SO ORDERED.

        <u>/s/ JOANNA SEYBERT     </u>
        Joanna Seybert, U.S.D.J.

Dated:    July <u>  21   </u>, 2014
        Central Islip, New York